IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WILLIAM MATTHEWS**,

      Plaintiff,

      v.

**LEGACY HEALTH**,

      Defendant.

**Case No. 6:24-cv-00592-MC**

**OPINION & ORDER**

**MCSHANE, District Judge:**

      Plaintiff William Matthews brings religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against his former employer, Defendant Legacy Health. Ex's re Notice of Removal ("First Am. Compl." or "FAC"), ECF No. 3. Plaintiff alleges that Defendant unlawfully terminated his employment when he declined, based on his sincerely held religious beliefs, to be vaccinated against the COVID-19 virus. Defendant now moves to dismiss claims and theories of relief newly asserted in the Amended Complaint. Def.'s Mot. to Dismiss ("MTD"), ECF No. 5. Because Plaintiff has failed to state a plausible claim for relief for disparate treatment, disparate impact, retaliation, wrongful reduction in pay, company-wide pattern-or-practice discrimination, or hostile work environment, Defendant's Motion is GRANTED.

1 – OPINION & ORDER

## BACKGROUND

Defendant is a non-profit corporation who operates a healthcare facility in Eugene, Oregon. MTD 3. During the onset of the COVID-19 pandemic, Plaintiff was employed at Defendant's facility as a Courier/Laboratory Representative. *Id.*; FAC ¶ 5.

In August 2021, the Oregon Health Authority enacted an administrative rule (the "Vaccination Policy" or "Policy") which required healthcare workers in Oregon to be vaccinated against COVID-19 by a deadline of October 18, 2021. MTD 3. The Policy allowed for accommodations for religious and medical exemptions, provided they would not pose an undue hardship to an employer's operations. *Id.* at 3–4; FAC ¶ 7.

Plaintiff contends that his religious beliefs prevented him from complying with the Vaccine Policy. FAC ¶ 8. Citing his "sincerely held religious beliefs" as "a devout Christian[,]" Plaintiff requested, but was denied, a religious exception from the Vaccine Policy. FAC ¶ 8. After Plaintiff continued to refuse the COVID-19 vaccine, Defendant terminated Plaintiff's employment on October 31, 2021. *Id.*; MTD 2.

On October 3, 2023, Plaintiff filed suit in state court asserting state law religious discrimination claims under a failure-to-accommodate theory. Notice of Removal, Ex. 2, at ¶ 12; ECF No. 1. On March 25, 2024, Plaintiff filed an Amended Complaint which added religious discrimination claims Title VII. *See* FAC ¶ 19. In addition, Defendant asserted new claims and legal theories of recovery not included in the Complaint: disparate treatment, disparate impact, retaliation, wrongful reduction in pay, company-wide pattern-or-practice discrimination, or hostile work environment. *Id.* ¶¶ 17, 24. Defendant removed this action to federal court and filed this Motion to Dismiss.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**DISCUSSION**

**I.      Plaintiff Fails to Sufficiently Plead Any of the New Theories Asserted in the Amended Complaint**

Plaintiff's Amended Complaint asserts new legal theories of recovery not included in the original Complaint: "wrongful termination," "wrongful reduction in pay," "retaliation,"[1] and

---

[1] The original Complaint contains two passing references to retaliation. However, Plaintiff's religious discrimination claims—as plead in the original Complaint—are clearly grounded on a failure to accommodate theory of recovery. *See e.g.* Notice of Removal, Ex. 2, at ¶ 11 ("Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not to protect against an unavoidable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on his sincerely held religious beliefs *and retaliation for expressing those beliefs. Defendant could have continued to employ Plaintiff with the same accommodations implemented by the Defendant.*") (emphasis added). The Amended Complaint asserts a more detailed description of Defendant's alleged retaliatory behavior. *See* FAC ¶¶ 17, 24.

3 – OPINION & ORDER

"company-wide, or systematic, discriminatory pattern or practice" (collectively, the "New Theories"). *Id*. Defendant moves to dismiss the New Theories asserted in the Amended Complaint, arguing that Plaintiff fails to state a claim as to those theories under Fed. R. Civ. P. 12(b)(6).[2]

Title VII makes it is unlawful for an employer to discharge an employee because of their religion.[3] 42 U.S.C. § 2000e-2(a)(1); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 (9th Cir. 1993). The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004).

A.     **Disparate Treatment**[4]

To establish a disparate treatment claim, a plaintiff must demonstrate a prima facie case by showing that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson*, 358 F.3d at 603 (9th Cir. 2004).

Defendant argues that Plaintiff fails to allege any facts to suggest that he is a member of a protected class, or that similarly situated individuals outside Plaintiff's protected class were treated more favorably. MTD 6–8. As to the first prong of his disparate treatment claim, Plaintiff offers multiple versions of a protected class that might fall under Title VII's protections. At one point,

---

[2] For purposes of this motion, Defendant does not oppose Plaintiff's failure to accommodate claims asserted under federal and state law. MTD 5.
[3] Claims brought under ORS § 659A.030(1)(a) are analyzed under the same framework as claims brought under Title VII. *Detwiler v. Mid-Columbia Med. Ctr.*, No. 3:22-CV-01306-JR, 2022 WL 19977290 (D. Or. Dec. 20, 2022), *report and recommendation adopted*, No. 3:22-CV-01306-JR, 2023 WL 3687406 (D. Or. May 26, 2023).
[4] Plaintiff's disparate treatment and disparate impact claims appear to be asserted together under a wrongful termination theory. *See* FAC ¶ 24. To the extent that Plaintiff meant to assert a common law wrongful termination claim, he "is preempted by adequate statutory remedies under ORS § 659A.030 and ORS § 659A.885." *Brown v. NW Permanente, P.C.*, No. 3:22-cv-00986-SI, 2023 WL 6147178, at *6 (D. Or. Sept. 20, 2023).

4 – OPINION & ORDER

the Amended Complaint appears to define Plaintiff's protected class as "individual disfavored employee[s] with sincere religious objection[s], and [separated as] a group to be terminated[.]" FAC ¶ 17(1). Three paragraphs later, the Amended Complaint redefines the protected class to those with a "devout and sincerely held religious belief in the tenants of Christianity." *Id*. ¶ 20. Plaintiff's Response proposes a third alternative and contends that the protected class is comprised of "religious individuals opposed to taking the vaccine on religious grounds." Pls.' Resp. 4.

Setting aside the issues of inconsistency, courts within this District have repeatedly dismissed religious discrimination claims when a plaintiff's protected class was premised on a particular religious belief. *See e.g. Cox v. Nw. Reg'l Educ. Serv. Dist.*, Case No. 3:22-cv-01073-HZ, 2024 WL 777598, at *13 (D. Or. Feb. 23, 2024) (parties cannot establish a prima facie claim "by defining the group as comprised of religious individuals holding a particular belief they attribute to their religion even if other members of that individual's faith or religious group believe otherwise."); *See Burton v. Legacy Health*, Case No. 3:23-cv-01528-JR, ECF No. 37, at *15 (D. Or. July 18, 2024), *findings and recommendation adopted in-part*, 2024 WL 3887224 (D. Or. Aug. 21, 2024) ("the fact that plaintiffs all 'share a religious belief against vaccinations' is inadequate" to establish a protected class). The Court accepts Plaintiff's assertion that he holds sincerely held Christian beliefs, but it will not blanketly accept as true that all Christians share his opposition to the vaccine. *See Bolden-Hardge*, 63 F.4th at 1228 (to establish a protected class, a plaintiff must plausibly allege that other members of the same religion share the same belief).

Even if Plaintiff had satisfied the first prong of his prima facie case for disparate treatment, he has failed to demonstrate how similarly situated individuals outside of his protected class were treated more favorably. As explained in the Amended Complaint, the Policy applied to all

5 – OPINION & ORDER

employees and was enforced throughout the workplace. *See* FAC ¶ 7. As Plaintiff has failed to establish neither his membership in a protected class, or how similarly situated individuals outside that class were treated differently, the Court can dismiss his disparate treatment claim theory.

**B.     Disparate Impact**

A disparate impact theory is similar to a disparate treatment theory in that both require a plaintiff to show his membership in a protected class or group. "To plead a prima facie case of disparate impact, a plaintiff must '(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact.'" *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1227 (9th Cir. 2023) (quoting *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir. 2002)).

For the same reasons discussed above, Plaintiff's disparate impact claim fails because he cannot identify a protected class or group. Plaintiff contends that the Court must presume "that the vaccine mandate impacted all or substantially all religious individuals opposed to taking the vaccine on religious grounds[.]" Pl.'s Resp. 4. But again, Plaintiff's opposition to the Policy is based on an *individual*, sincerely held belief. Opposition to a vaccine, even when labeled as a religious belief, is not enough to establish a protected class.

**C.     Retaliation**

"To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her protected activity and the adverse employment action. *Karthauser v. Columbia 9-1-1 Commc'ns Dist.*, 647 F. Supp. 3d 992, 1012 (D. Or. 2022). Within

the context of a retaliation claim, protected activity "includes the filing of a charge, filing of a complaint, or providing testimony on an employer's alleged unlawful practices." *Id*. (citing *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2009). Depending on the circumstances, reports of improper workplace behavior" or "other activity intended to oppose an employer's discriminatory practices" can be protected activity under Title VII. *Id*.; *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 962 (9th Cir. 2009).

Defendant contests the first prong of Plaintiff's retaliation claim, arguing that Plaintiff failed to sufficiently plead any facts suggesting he engaged in a protected activity. MTD 9. The Court is inclined to agree. The Amended Complaint is absent of any facts or discussion concerning Defendant's alleged retaliation, except for a multi-page catch-all paragraph under each claim:

> Retaliation. Defendants violated retaliation provisions of Title VII by segregating and terminating the Plaintiff and other similarly situated individuals who invoked Title VII's protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under Title VII. Defendants, by thus identifying each individual disfavored employee with sincere religious objection[s], and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of both disparate treatment and disparate impact.

FAC ¶ 24(3).[5]

In *Burton*, Judge Russo recently found that a similarly-sparse complaint with an *identical* catch-all paragraph failed to plead a retaliation claim. *See Burton v. Legacy Health*, Case No. 3:23-cv-01528-JR, at *16–18. Judge Russo's analysis is directly on-point to this case. The Court was unable to find, and Plaintiffs have not identified, any caselaw establishing that the submission of a religious exemption request constitutes a protected activity. *See id.* at *17. Instead, Plaintiff

---

[5] Plaintiff includes a nearly identical paragraph under his state law religious discrimination claim, substituting "ORS 695A.030" for "Title VII." *See* FAC ¶ 17(3).

7 – OPINION & ORDER

blanketly states that he took part in a protected activity by seeking reasonable accommodations for his religious objections to taking the COVID-19 vaccine. Pl.'s Resp. 6. The Court will follow Judge Russo's lead and decline to extend Title VII's anti-retaliation protections to every individual who sought an exemption from their employer's state-mandated vaccine requirement. *See Burton*, Case No. 3:23-cv-01528-JR, at *17–18 (compiling cases).

But even if the Court were to find that Plaintiff engaged in a protected activity, Plaintiff's retaliation claim lacks causation. In his Response, Plaintiff argues that the timeframe between his exemption request and termination is sufficient to establish a causal connection between the two events. Pl.'s Resp. 6. Although Plaintiff is correct that temporal proximity *can* support a prima facie case of retaliation, "the inquiry is fact-specific and depends on [] the degree of proximity." *Kama v. Mayorkas*, 107 F.4th 1054, 1059–60 (9th Cir. 2024). In our case, Plaintiff excluded from his Amended Complaint any independent evidence of retaliation—something "[e]ven cases involving very close temporal proximity have generally featured[.]" *Id.* at 1060. A fact-specific inquiry further cuts against retaliation, as Defendant's vaccine mandate was established before Plaintiff submitted his exemption, and sixty days separated Plaintiff's exemption request from his termination. *See Burton*, Case No. 3:23-cv-01528-JR, at *18 (causation not sufficiently plead based on nearly identical facts); *Gallagher v. Hawaii Symphony Orchestra*, Civ. No. 20-00395 JMS-RT, 2024 WL 1331799, at *15–16 (D. Haw. Mar. 27, 2024) (compiling cases) ("retaliation based on a theory that Gallagher was placed on indefinite unpaid leave as retaliation solely for requesting an exemption as set forth in the Protocols fails for lack of causation—under that theory, he was placed on indefinite unpaid leave for failure to comply with the Protocols, not because of

any protected activity.") Because Plaintiff fails to establish two out of three prongs of his prima facie retaliation claim, it must be dismissed.

**D.      Wrongful Reduction in Pay**

Next, Plaintiff asserts a religious discrimination claim under a theory of wrongful reduction in pay. *See* FAC ¶¶ 17(2), 24(2). However, this claim is merely a duplicative restatement of Plaintiff's failure to accommodate claim, something that Plaintiff concedes in his Response: "Here, as discussed in previous sections, it is imperative to note that placing Plaintiff on unpaid leave cannot be deemed [a] reasonable accommodation under Title VII. . . . [I]t is essential to underscore the duration of this adverse action . . . [t]his prolonged deprivation of income exacerbates the severity of the adverse impact suffered by Plaintiff, further highlighting the violation of his rights under Title VII." Pl.'s Resp. 7. The Amended Complaint only alleges that Plaintiff was terminated, not that his compensation was reduced. Accordingly, this claim is dismissed as well.

**E.      Company-wide Pattern-or-Practice Discrimination**

Next, Plaintiff asserts that "Defendant[] engaged in a companywide discriminatory pattern or practice by terminating Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate[.]" FAC ¶ 24(4). The plaintiff in a pattern-or practice action must "demonstrate that unlawful discrimination has been a regular procedure or policy followed by an employer or a group of employers." *Int'l Bhd. Of Teamsters v. United States*, 431 U.S. 324, 360 (1977). This action concerns the alleged wrongful termination of a single plaintiff. One alleged discriminatory act hardly rises to a regular procedure or policy.

Moreover, Plaintiff cannot allege a pattern-or-practice claim as a private individual. As Judge Russo recently explained in *Burton*, "The Attorney General is statutorily authorized to bring

a civil action where there is reasonable cause to believe that 'any person or group of persons . . . engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by [Title VII].' Courts have interpreted this Title VII provision to foreclose the use of the pattern-or-practice method of proof by private plaintiffs." *See Burton*, Case No. 3:23-cv-01528-JR, at *18 (citations omitted) (compiling cases). The Court sees no reason to break precedent and judicially expand Title VII's liability to private individuals. Plaintiff's pattern-or-practice claim is dismissed.

F.     **Hostile Work Environment**

Lastly, Plaintiff appears to allege a hostile work environment claim within his pattern-or-practice claim. *See* FAC ¶¶ 17(5), 24(5) ("Defendant['s] staff and employees created a hostile work environment for Plaintiff and other employees who had religious exemptions to the vaccine mandate by making threatening and hostile statements which made Plaintiff feel intimidated, harassed, and humiliated on account of his sincere religious beliefs in opposition to the COVID-19 vaccine.") To state a hostile work environment claim under Title VII, a plaintiff must allege: "(1) that he was subjected to verbal or physical conduct of a [religious] nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

As discussed above, a claim is facially plausible when the factual allegations allow the Court to infer the defendant's liability based on the alleged conduct. *See Iqbal*, 556 U.S. at 663. Plaintiff has not provided the Court with any facts to plausibly allege a hostile work environment, and the Court need not accept a conclusory allegation devoid of any supporting facts. Plaintiff's hostile work environment claim fails to clear the low bar required at the pleading stage.

## II.     Dismissal With or Without Prejudice

Having found that Plaintiff's claims brought under the New Theories should be dismissed, the Court must determine whether dismissal with prejudice is warranted. Defendant offers three arguments in favor of dismissal with prejudice: (1) Plaintiff failed to exhaust the New Claims; (2) the New Claims do not relate back to the original Complaint; and (3) the New Claims are barred by the applicable statute of limitations. Def.'s Supp. Reply 12.

### A.     Exhaustion

To file a Title VII religious discrimination claim, a plaintiff must (1) exhaust administrative remedies by filing a charge with the EEOC or an equivalent state agency (such as BOLI), and (2) after exhausting administrative remedies, file a civil action within 90 days. 42 U.S.C. § 2000e-5; *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018). After a charge is initially filed with a state agency that enforces the state's anti-discrimination laws, a Title VII charge must be filed within 300 days after the allegedly unlawful employment practice or 30 days after notice that the agency has terminated its proceedings under state law, whichever is earlier. *Id.* at 1106 n.2.

"The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citations and quotations omitted) (cleaned up). "To establish subject matter jurisdiction over his Title VII retaliation claim, [a plaintiff] must have exhausted his administrative remedies by filing a timely charge with the EEOC. *Vasquez*, 349 F.3d at 644. "Subject matter jurisdiction extends to all claims of

11 – OPINION & ORDER

discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Id*.

Defendant argues that the New Claims are not "like or reasonably related to the allegations contained in" Plaintiff's BOLI complaint. Def.'s Supp. Reply 13 (quoting *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1476 (9th Cir. 1989)). The Court agrees. The allegations included in the BOLI complaint, much like those alleged in the Amended Complaint, are limited and sparse with detail:

> In the summer of 2021, Respondent Legacy Health announced its mandatory COVID-19 vaccine policy. Employees such as Mr. Matthews were permitted to apply for religious and/or medical exceptions. On or about August 30, 2021, Mr. Matthews applied for a religious exemption from the vaccine based on his sincerely held religious beliefs. On or about October 29, 2021, Mr. Matthews was informed that his application had been denied. On or about October 31, 2021, Mr. Matthews was terminated.
>
> The Respondent's unlawful behavior included [a] failure to reasonably accommodate Mr. Matthews'[] request for a religious exemption.

Healy Decl. Ex. 1, at 3, ECF No. 21.

Plaintiff argues that the New Claims arose out of the information alleged in the BOLI complaint, providing BOLI and the EEOC with adequate notice to investigate Plaintiff's failure to accommodate claims. However, based on the allegations and facts asserted in the BOLI complaint, neither agency would have had any reason to investigate Plaintiff's disparate impact, disparate treatment, wrongful reduction in pay, pattern-or-practice, or hostile work environment claims. Those New Claims are distinct from a failure-to-accommodate claim, and are not investigated together without justification or notice. Because those claims fell outside the reasonable scope of the agencies' investigations, Plaintiff never exhausted the claims with the EEOC.

Plaintiff similarly failed to exhaust his retaliation claim. Unlike the other New Claims, Plaintiff's BOLI complaint contains a passing reference to retaliation at the end of a brief, opening paragraph: "Mr. Matthews requests that BOLI cross-file this Complaint with the federal agency the U.S. Equal Employment Opportunity Commission so he may exhaust his administrative remedies as to the parallel federal employment discrimination *and retaliation claims*." Healy Decl. Ex. 1, at 2 (emphasis added), ECF No. 21.

A conclusory allegation of retaliation is not enough to put an investigating agency on notice. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002) (finding plaintiff had failed to exhaust racial and sexual discrimination claims despite referencing charges in EEOC complaint) ("the inquiry into whether a claim has been sufficiently exhausted must focus on the factual allegations made in the charge itself, describing the discriminatory conduct about which a plaintiff is grieving."); *Lorona v. Arizona Summit Law Sch., LLC*, 151 F. Supp. 3d 978, 988 (D. Ariz. 2015) (quoting *Mathirampuzha v. Potter*, 548 F.3d 70, 76–77 (2d Cir. 2008)) ("In determining whether claims are reasonably related, the focus should be on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving. It is the substance of the charge and not its label that controls."). Despite his contention otherwise, the substance of Plaintiff's BOLI charge only alleges a failure-to-accommodate claim. Plaintiff needed more than a mere reference to retaliation to exhaust his administrative remedies.

**B.     The New Claims Brought Under Title VII are Time-Barred**

Under Title VII, a charge must be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Plaintiff was terminated on October 31, 2021, meaning he must have filed his action within 300 days, or by August 27, 2022.

Plaintiff's failure-to-accommodate claim is clearly timely, having filed his claim with BOLI on July 30, 2022. *See* Healy Decl., Ex. 1, at 2.

However, Plaintiff never exhausted the New Claims. Because the New Claims were outside the reasonable scope of the EEOC's investigation, Plaintiff would have had to assert those claims in a separate or amended filing. But Plaintiff failed to do so, and his 300-day window to file a charge with the EEOC has since expired.[6] "[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Because the New Claims brought under Title VII are time-barred, those claims are dismissed with prejudice.

**C.    Relate Back**

As a threshold matter, the Court finds that the New Claims do not relate back to Plaintiff's original Complaint. "An otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). An amendment to a complaint may "relate[] back to the date of the original pleading" if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(1)(B). The claims must "share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008). But "an amendment will not relate back where the amended complaint 'had to

---

[6] Even if Plaintiff had properly exhausted the New Claims with the EEOC, Plaintiff would still be time-barred from bringing those claims. A plaintiff has ninety days to file a Title VII claim after receiving notice of a right-to-sue from the EEOC. *Scott*, 888 F.3d at 1113. The EEOC issued its right-to-sue letter on September 25, 2023. Plaintiff filed his Amended Complaint on April 8, 2024, well outside of the 90-day window.

14 – OPINION & ORDER

include additional facts to support the [new] claim.'" *Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) (quoting *Williams*, 517 F.3d at 1133).

Plaintiff argues that the New Claims pleaded in the Amended Complaint all arose out of the same set of facts alleged in the original Complaint: (1) the COVID-19 pandemic; (2) Defendant's implementation of the vaccine mandate; (3) Plaintiff's attempts to apply for a religious exemption; and (4) Defendant's denial of his requested exemption. Pl.'s Surreply 3. While the Court agrees that the New Claims arise from the same general transaction as Plaintiff's failure-to-accommodate claim, Plaintiff still had to include additional facts in the Amended Complaint to support the New Claims, even if those facts were included within the respective "Claims for Relief" sections. *See* FAC ¶¶ 12–25. Accordingly, the New Claims do not relate back to the original Complaint.

D.      **The New Claims Brought Under Oregon State Law are Not Time-Barred**

Defendant further argues that Plaintiff's state law claims are time-barred as well. MTD 12. Federal courts turn to state law when addressing statutes of limitations regarding those state claims. *Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 157 (9th Cir. 1992). Under Oregon law, a plaintiff who chooses to file a BOLI complaint "must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant[.]" ORS 659A.875(2). Alternatively, if a plaintiff chooses not to file a BOLI complaint, their action "must be commenced not later than five years after the occurrence of the alleged violation." ORS 956A.875(1).

It is undisputed that Plaintiff filed a BOLI complaint concerning his failure-to-accommodate claim. But as discussed above, none of the New Claims reasonably relate back to the original BOLI complaint. BOLI does not limit claimants to a single administrative complaint,

and Plaintiff could have filed a second BOLI complaint requesting that the agency investigate the New Claims. *See Brooks v. Agate Res., Inc.*, Civ. No. 6:15-cv-00983-MK, 2019 WL 2635594, at *16 (D. Or. Mar. 25, 2019), *findings and recommendations adopted*, 2019 WL 2156955 (D. Or. May 14, 2019) (considering multiple BOLI complaints filed by plaintiff). By omitting the New Claims from the original BOLI complaint, Plaintiff failed to avail himself to the benefits of the agency's administrative inquiry. But because the New Claims were never filed with BOLI, Plaintiff was not constrained to the 90-day statute of limitations pursuant to ORS § 659A.875(2). Plaintiff timely brought those claims within five years of his termination pursuant to ORS § 659A.875(1). The Court will therefore dismiss the New Claims brought under state law without prejudice.

## **CONCLUSION**

Defendant's Motion to Dismiss (ECF No. 5) is GRANTED. The New Claims brought under Title VII are DISMISSED with prejudice. The New Claims brought under state law are DISMISSED without prejudice. Any amended complaint is due within thirty days.

IT IS SO ORDERED.

DATED this 26th day of August, 2024.

_____/s/ Michael J. McShane_____
Michael J. McShane
United States District Judge

16 – OPINION & ORDER