IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WILLIAM MATTHEWS, | Case No. 6:24-cv-00592-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| LEGACY HEALTH, | |
| Defendant. | |

MCSHANE, Judge:

Defendant moves this Court for an Order to Show Cause as to why Plaintiff's Second Amended Complaint ("SAC"), ECF No. 28, fails to comport with the Court's previous ruling, violates the rules regarding amendments, and contradicts the parties' agreement. Def.'s Mot., ECF No. 29. The Motion is granted, as provided below.

## DISCUSSION

Plaintiff originally filed this action in state court, asserting one state law claim for religious discrimination on a failure-to-accommodate theory. Not. Removal, Ex. 2, ECF No. 1 ("Original Compl."). Defendant moved to dismiss, but later agreed to allow Plaintiff to amend for further detail. *See* Healy Decl. ¶ 8, ECF No. 30. The First Amended Complaint ("FAC"), ECF No. 3, however, did more than that. Plaintiff added another discrimination claim under Title VII and incorporated, into both claims, a host of new legal theories. *Compare* Original Compl. ¶¶ 12–17 *with* FAC ¶¶ 12–25. After removing to federal court, Defendant again moved to dismiss, this time conceding the failure-to-accommodate claims were adequately pled but moving against

1 – Opinion and Order

all the newly asserted theories. Def.'s Mot. Dismiss, ECF No. 5. This Court granted Defendant's motion, dismissing with prejudice the new theories brought under federal law and dismissing without prejudice the new theories brought under state law. Opinion and Order, ECF No. 23. Plaintiff was given 30 days to file an amended complaint. That window passed without Plaintiff meeting the Court's deadline. Order, ECF No. 25. When the Court set a Rule 16 conference to reinstate a schedule, the parties responded by jointly submitting a Rule 26 Agreement containing new dates, including a renewed opportunity to for the Plaintiff to file a limited amended complaint. Fed. R. Civ. P. 26(a)(1) Agreement, ECF No. 26. The Court adopted the parties' agreement and Plaintiff accordingly filed his SAC.

That Agreement reached by the parties in their Rule 26 agreement did not contemplate an opportunity for Plaintiff to significantly rework claims that have already been dismissed and supplement with allegations that could have been included prior.[1] Indeed, any amendment was to be limited to removing the several claims stricken by the Court. Because the amendments in the SAC far exceed the scope of the parties' Agreement, the SAC is stricken. The Court notes, however, that even if Plaintiff had filed the SAC within the initial 30-day window, the amendments likewise exceed the Court's Opinion and Order and cannot be allowed. Lastly, it bears repeating that Plaintiff's counsel has made a pattern out of this style of amending. The Court is simply not willing to allow it to continue.

---

[1] Plaintiff's counsel chose not to file a declaration. Accordingly, the Court relies solely on Defendant's, which provides the following explanation of events: "On October 17, 2024, the Court issued a scheduling order noting that Plaintiff had not filed an amended complaint by the September 26 deadline and setting a conference to reinstate the case schedule. Counsel for the parties subsequently conferred and submitted a case schedule (which the Court adopted) where they agreed that Plaintiff would submit an amended complaint *to reflect the dismissal of the New Claims* by November 8, and Legacy would file an answer by November 22." Healy Decl. ¶ 3. When Plaintiff's counsel sent opposing counsel a redline version of the SAC hours before they intended to file it, Defendant's counsel raised that it problematically asserted dismissed claims and new allegations. *Id.* at ¶ 4. Plaintiff's counsel proceeded to file the SAC as it was. *Id.* Defendant's counsel provided another detailed list of issues the following day, but Plaintiff's counsel did not respond. *Id.* at ¶ 5.

## CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED in part. The Court declines to issue an Order to Show Cause and instead strikes the SAC, ECF No. 28. The FAC, ECF No. 3, is therefore the operative complaint, and the parties are to proceed with the understanding that all but the failure-to-accommodate claims have been dismissed per the Court's Opinion and Order, ECF No. 23. Any further pleading confusion caused by the FAC will be clarified by the pre-trial order. Defendant is awarded fees and costs related to the Motion, ECF No. 29. Defendant is to file its motion for fees and costs within 30 days of this Order.

IT IS SO ORDERED.

DATED this 26th day of December, 2024.

                                                        s/Michael J. McShane
                                                         Michael J. McShane
                                                      United States District Judge