IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WILLIAM MATTHEWS, | Case No. 6:24-cv-00592-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| LEGACY HEALTH, | |
| Defendant. | |

MCSHANE, Judge:

Before the Court is Defendant's request for $41,179.11 in attorney fees. Def.'s Mot. Att'y Fees, ECF No. 37 ("Fees Motion"). The request is in response to the Court's decision on December 26, 2024, to award reasonable fees and costs as a sanction against Plaintiff's counsel. Op. and Order, ECF No. 35. For the reasons explained below, the Court GRANTS IN PART and DENIES IN PART the Fees Motion, and awards $23,683.77 in total fees.

**PROCEDURAL BACKGROUND**

Plaintiff originally filed this action in state court on October 3, 2023, asserting one state law religious discrimination claim. Notice Removal Ex. 1, at ¶¶ 12–17, ECF No. 1. Defendant moved to dismiss the complaint for insufficient factual allegations, and the parties agreed that Plaintiff would file a factually supplemented amended complaint. Notice Removal Ex. 3; Healy Decl. Ex. 1, ECF No. 6; Healy Decl. ¶¶ 7–8, ECF No. 30. The amended complaint that Plaintiff filed, however, included a host of new claims and legal theories under both state law and Title VII. Ex. 11, ECF No. 3. After asking Plaintiff to withdraw the amended complaint and refile one

1 – Opinion and Order

that aligned with their agreement, Defendant removed the action to federal court and moved to dismiss all but Plaintiff's failure-to-accommodate claims. Healy Decl. ¶ 9; Def.'s Mot. Dismiss 1–2, n.1, ECF No. 5.

The Court granted Defendant's motion, finding the new theories insufficiently pled and the new Title VII claims time barred. Op. and Order, ECF No. 23. The Court dismissed the new federal claims with prejudice, and the new state claims without prejudice. *Id.* at 16. Plaintiff was given 30 days to file an amended complaint, but Plaintiff chose not to do so. Sched. Order, ECF No. 24. When the Court set a Rule 16 conference to reinstate a case schedule, the parties conferred over new deadlines and jointly proposed a schedule that allowed renewed opportunities for filing an amended complaint and answer. Fed. R. Civ. P. 26(a)(1) Agreement, ECF No. 26; Healy Decl. ¶ 3. The Court adopted the parties' schedule, and Plaintiff filed a second amended complaint ("SAC"). Sched. Order, ECF No. 27; Am. Compl., *stricken*, ECF No. 28. The SAC, however, again ignored the parties' agreement, and it continued to reference claims previously dismissed by the Court. Defendant alerted Plaintiff's counsel to the problem prior to filing, but counsel resolved to file it anyway. Healy Decl. ¶¶ 4–5, Exs. 1–2.

Exasperated, Defendant moved for sanctions and an Order to Show Cause.[1] Def.'s Mot. Order Show Cause, ECF No. 29 ("Sanctions Motion"). Defendant argued that "the sequence of events in this case, coupled with the fact that Plaintiff's counsel has engaged in similar conduct in numerous other cases within this District, warrants a different approach." *Id.* at 2. Seeking further intervention, Defendant "request[ed] that the Court take additional steps to deter

---

[1] In total, Plaintiff's counsel has filed more than 40 lawsuits on behalf of almost 100 individuals against Defendant Legacy Health. Healy Decl. ¶ 11. Defendant's counsel has spent hours conferring with Plaintiff's counsel over frivolous claims and sloppy pleadings. *Id.* at ¶¶ 11–16. Despite that, Plaintiff's counsel continue to "misuse[] the amendment process to muddy the claims at issue, revisit matters the Court has already conclusively addressed, delay the proceedings, and unnecessarily increase litigation costs." *Id.* at ¶ 11.

2 – Opinion and Order

Plaintiff's counsel's improper conduct by ordering counsel to appear and explain the SAC, striking the SAC in its entirety, and awarding sanctions to Legacy." *Id.* at 3. The Court, having presided over this litigation as well as many other similar cases with Plaintiff's counsel, agreed with Defendant's characterization of the issue and partially granted the Sanctions Motion. Op. and Order 2, ECF No. 35. In lieu of holding a Show Cause hearing, the Court struck the SAC and awarded Defendant its reasonable costs and fees. *Id.* at 3.

Defendant now moves the Court to assess its fee request.[2] Defendant requests $41,179.11, representing $34,990.68 in fees incurred bringing the Sanctions Motion and $6,188.43 in fees incurred preparing the Fees Motion. Fees Mot. 2. Defendant certifies that the parties conferred regarding this Motion, and that Plaintiff opposes. *Id.* at 1. Plaintiff, however, did not to file a response.

## DISCUSSION

District courts have inherent authority to sanction a party who willfully violates court orders or acts in bad faith. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021). "Willfulness" does not demand proof of mental intent or an improper motive; rather, it is enough that a party acted deliberately. *Id.* Here, given counsel's continuous, well-documented disregard for court rulings and conferrals, the Court can only conclude that such violations are deliberate.

Nonetheless, the district court has a duty to assure that any fees awarded are fair and proper, even in the absence of an objection. *See, e.g.*, *Relion, Inc. v. Hydra Fuel Cell Corp.*, No. CV06-607-HU, 2007 WL 2984124, at *1 (D. Or. Oct. 10, 2007). In this Circuit, a determination of reasonable fees begins with the "lodestar" method. *E.g.*, *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiples a reasonable hourly rate by the number of

---

[2] Defendant is not seeking any recoverable costs. Fees Mot. n.1.

3 – Opinion and Order

hours reasonably expended on the litigation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). From there, the district court may adjust upward or downward based on a variety of factors. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986). The burden is on the requesting party to submit evidence that supports the hours and rates claimed. *Hensely*, 461 U.S. at 433–34.

I.  **Reasonable Hourly Rates**

A "reasonable" hourly rate is set according to the prevailing market rates in the relevant community, taking into consideration the attorney or paralegal's experience, skill, and reputation. *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). As an initial benchmark for comparison, this District uses the most recent Oregon State Bar Economic Survey. *See* Oregon State Bar 2022 Economic Survey ("OSB Survey") (available at https://www.osbar.org/_docs/resources/Econsurveys/22Economic Survey.pdf). The OSB Survey reports regional hourly rates in two ways: based on practice area, regardless of experience and based on years of experience, regardless of practice area.

Generally, "the relevant community" refers to the jurisdiction where the court sits. *See*, *e.g.*, *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). However, here, Defendant asks this Court to consider Portland's rates, rather than Eugene's. Given that Defendant Legacy Health is headquartered in Portland, the Court finds it was reasonable for Defendant to employ a Portland-based legal team. Portland's rates are therefore an appropriate comparator.[3]

---

[3] According to the OSB Survey, Portland attorneys practicing defendant's side civil litigation in 2021 billed hourly rates that ranged from an average of $442 to a 95th percentile of $743. OSB Surv. 44. Among Portland attorneys

Defendant requests fees for work performed by two partners, an associate, and a paralegal.[4] Ms. Baumgart, the lead attorney in this matter, is a partner at Stoel Rives. Healy Decl. ¶ 5, ECF No. 38. She was admitted to the Oregon State Bar in 1999 and has been an active litigator for over 25 years, achieving recognition for her success in employment litigation. *Id.* She requests an hourly rate of $688.50. *Id.* Ms. Healy, also a partner at Stoel Rives, has maintained an active litigation practice for over 14 years, with a focus on labor and employment-related matters. *Id.* at ¶ 6. She requests an hourly rate of $544.00. *Id.* Mr. Tellam was admitted to the Oregon State Bar in 2019 and joined Stoel Rives as an associate in 2022. *Id.* at ¶ 7. He requests an hourly rate of $416.50. *Id.* Not accounting for inflation, Ms. Baumgart and Ms. Healy seek rates that fall above the OSB Survey average but below the 95th percentile for comparable attorneys performing similar work in 2021. Mr. Tellam's requested rate, although higher than the average rate for attorneys with his experience level, is below the average market rate for Portland civil litigators. The Court finds those rates reasonable in light of the partners' experience and the nature of this litigation.

Ms. Gifford is a paralegal with over 25 years of experience. She requests an hourly rate of $327.25. The OSB Survey does not provide for average paralegal rates. However, judges in this district have held that reasonable hourly rate for a paralegal should equal that of a first-year associate. *See Bird v. Or. Comm'n for the Blind*, No. 3:18-CV-01856-YY, 2021 WL 7709970, at

---

with 21 to 30 years of experience, the average hourly rate was $447 and the 95th percentile rate was $697. *Id.* at 43. For attorneys with 13 to 15 years of experience, the average rate was $416 and the 95th percentile was $733. *Id.* For four to six years of experience, the average rate dropped to $312 and the 95th percentile to $495. *Id.* at 42. For zero to three years of experience, the average billing rate was $310 and the 95th percentile billed at $538.

[4] All of the requested rates increased over the relevant period. Brenda Bamgart's hourly rate was $620.50 before December 1, 2024, and $688.50 after. Healy Decl. ¶ 5, ECF No. 38. Melissa Healy's hourly rate was likewise $501.50, then $544.00. *Id.* at ¶ 6. Matthew Tellam's hourly rate was $348.50, then $416.50. *Id.* at ¶ 7. Angela Gifford's hourly rate was $306.00, then $327.25. *Id.* at ¶ 8. For efficiency, the Court assesses the reasonableness of the requested rates at their higher measure.

*3 (D. Or. Aug. 11, 2021); *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1248 (D. Or. 2013). In 2021, the average hourly rate for new associates was $310. Considering inflation and Ms. Gifford's experience, the Court finds her requested rate reasonable.

## II.     Reasonable Number of Hours

A "reasonable" number of hours is the amount that could reasonably have been billed to a private client. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting *Moreno*, 534 F.3d at 1111). Consistent with that, fee petitions should reflect a good faith effort to exclude excessive, redundant, or otherwise unnecessary fees. *Hensely*, 461 U.S. at 434. Courts are permitted to reduce hours where the case was overstaffed and hours are duplicated, or where the hours expended are deemed excessive or otherwise unnecessary. *Id.* After reviewing Defendant's time logs, the Court finds that 13.7 hours were reasonably expended preparing the Fees Motion, while only half of the 78.1 hours were reasonably expended preparing the Sanctions Motion.

For the Fees Motion, the bulk of the work—10.20 hours of evaluating the issues, researching, drafting, and revising—was accomplished by Mr. Tellam, at the lowest hourly rate. Healy Decl. Ex. A, at 2. Ms. Baumgart and Ms. Healy spent 3 hours reviewing and revising the Motion, with final preparations being completed by Ms. Gifford in 30 minutes. *Id.* The Motion itself is under seven pages. However, the adjoining 72-page declaration contains descriptions of counsel's skill level, detailed work ledgers, billing rate comparisons, and prior fee petitions. Given the length of Defendant's submissions and the economic division of labor, the Court finds that 13.7 hours was a reasonable time expenditure for the Fees Motion.

Contrarily, Defendant claims it expended 78.1 hours pursuing the Sanctions Motion—

over five times the number of hours spent on the Fees Motion. Healy Decl. Ex. A, at 1–2. The Sanctions Motion itself is just shy of 16 pages, with the actual argument section occupying only six pages. The adjoining declaration is 119 pages, however roughly 79 pages are redlined amended complaints from Plaintiff and 26 pages are email correspondence between the parties. According to the ledger, Mr. Tellam spent 39.70 hours, Ms. Baumgart spent 10.10 hours, Ms. Healy spent 24.30 hours, and Ms. Gifford spent four hours between the Motion, response, and reply. *Id.* Defendant justifies that expenditure by arguing it was necessary for counsel review the entire course of events in this matter and relevant cases in order to ensure that the Court received a complete picture. To an extent, Defendant's point is well-taken. The efficacy of the Sanctions Motion depended on Defendant's ability to establish a pattern of poor prior dealings with opposing counsel. To do so, Defendant had to sift through past communications, track and illustrate opposing counsel's conduct in other cases, and marshal emails, documents, and evidence to support those claims. That is not a brief task. Nor, however, is it a legally challenging task. The Sanctions Motion does not engage with novel or difficult legal questions; rather, it is essentially a historical accounting of the record, on which counsel's deficiencies are apparent. How two partners, with a combined 40 years of experience, were needed for an additional 34.40 hours of labor, on top of Mr. Tellam's 39 hours, is lost on this Court. Because Defendant has failed to demonstrate that 78.1 hours were reasonably necessary to pursue the Sanctions Motion, the Court concludes that half of those hours reflect excessive, redundant, and otherwise unnecessary expenditures.

For the Fees Motion, the Court awards $6,188.43. For the Sanctions Motion, the Court grants half of the requested amount, for a total award of $17,495.34 in attorney fees. To be clear, sanctions were granted as a deterrent to Plaintiff's counsel and as recompense for efforts unfairly

exerted by Defendant. Mr. Matthews is not and should not be held responsible for his counsel's incompetence with respect to this matter.

## CONCLUSION

For the reasons provided above, Defendant's Motion for Attorney Fees, ECF No. 37, is GRANTED IN PART and DENIED IN PART. Defendant is awarded the sum of $23,683.77 as a sanction against Plaintiff's counsel: Rugged Law, Inc.

IT IS SO ORDERED.

DATED this 26th day of March 2025.

_____s/Michael J. McShane_____
Michael J. McShane
United States District Judge